# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL NO. 3:04CV592

| | | |
|---|---|---|
| **WACHOVIA BANK, NATIONAL ASSOCIATION** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **Vs.** | ) ) | **MEMORANDUM AND** |
| **DEUTSCHE BANK TRUST COMPANY AMERICAS, formerly known as, BANKERS TRUST COMPANY,** | ) ) ) ) | **ORDER OF REMAND** |
| **Defendant.** | ) ) ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendant's timely filed objections to the Order of United States Magistrate Judge Dennis L. Howell, filed March 4, 2005. Pursuant to 28 U.S.C. § 636(b)(1)(A), the undersigned referred the Plaintiff's motion to remand on an emergency basis and Defendant's cross-motion to transfer venue to the Magistrate Judge for disposition. Having conducted a review of those portions of the Order to which specific objections were filed, the undersigned affirms the Order of the Magistrate Judge. **28 U.S.C. § 636; Fed. R. Civ. P. 72.**

# I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(A), the district court may refer to a magistrate judge any pretrial matter (with some exceptions) pending before the court for the magistrate judge to "hear and determine." **28 U.S.C. § 636(b)(1)(A).** A party may file written objections to a magistrate judge's order within ten days after being served with a copy thereof. **Fed. R. Civ. P. 72(a).** "'Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court.'" ***Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).** If proper objections are made, a district court "shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." **Fed. R. Civ. P. 72(a);** *see also***, 28 U.S.C. § 636(b)(1)(A).**

# II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff Wachovia Bank, National Association ("Plaintiff" or "Wachovia") is a national banking association engaged in the business of

providing financial services to individual customers and corporations.

**Complaint, ¶ 2.** Defendant Deutsche Bank Trust Company Americas ("Defendant" or "Deutsche Bank"), formerly known as Bankers Trust Company, is a banking corporation. *Id.*, **¶ 7.** This dispute arises out of a $150 million Asset Funding and Servicing Agreement entered into in 1999, in which Defendant was the "Backup Servicer and Collateral Custodian." *Id.*, **¶ 1.** Plaintiff alleged Defendant breached its contractual obligations under the agreement, and filed a complaint in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, on January 5, 2004, seeking "to recover damages of not less than $56,000,000.00 plus interest and expenses." *Id.*

The parties initially expressed an interest in settling their dispute, with Defendant "interested in a dialogue with Wachovia that [would] resolve this matter," and Plaintiff likewise "interested in pursuing a constructive dialogue as soon as possible." ***See*, Exhibit C, Letter dated December 22, 2003, and Exhibit E, Letter dated January 7, 2004 ["the January 7 Letter"],** *included in* **Exhibits in Support of Defendant's Cross-Motion to Transfer Pursuant to 28 U.S.C. § 1404(a), filed January 11, 2005.** Nevertheless both parties

proceeded to court, with Defendant filing a declaratory judgment action in December 2003 in the Supreme Court of New York, and with Plaintiff filing the instant case. **See**, **id**., **at Exhibit B.** After both suits had been filed, the parties entered into a Standstill, Confidentiality and Information Exchange Agreement ("Standstill Agreement") which was set to expire March 31, 2004, but which was extended by amendment until November 30, 2004. **Id., at Exhibit F.** The day after the agreement expired, December 1, 2004, Defendant filed a Notice of Removal of this action to this Court, filed a voluntary dismissal of the New York state action, and refiled the New York action in the federal court for the Southern District of New York seeking both a declaratory judgment that it had not breached the Agreement and "not less that $3 million in damages." **Id., at Exhibit G, ¶ 4.**

Wachovia filed a Motion to Remand on an Emergency Basis on December 10, 2004, alleging that "[c]ontrary to the requirements of 28 U.S.C. § 1446(b), Bankers' Notice of Removal was not filed within thirty (30) days of service of the Complaint," and the case should be remanded to state court. **Memorandum in Support of Plaintiff's Motion to Remand, filed December 10, 2004, at 5.** Defendant argues that "[i]n light of [the] broad

language [of the Standstill Agreement], Plaintiff waived, and should be estopped from asserting, that Bankers Trust's December 1, 2004 filing of its Notice of Removal . . . was untimely." **Defendant's Memorandum of Law (i) in Opposition to Plaintiff's Motion to Remand and (ii) in Support of Defendant's Motion to Transfer Venue ["Defendant's Memorandum in Opposition to Remand"], filed January 11, 2005, at 11 .** The parties' motions were referred to the Magistrate Judge who ordered the case remanded to the North Carolina state court. Defendant filed timely objections to the Order arguing (1) that magistrate judges do not have authority to remand a case to state court and that this Court should review the Magistrate Judge's Order *de novo*; and (2) that regardless of the standard, the Magistrate Judge erred by not considering Defendant's estoppel argument or the effects of the January 7, 2004, letter. ***See,*** **Bankers Trust's Objections to Magistrate Judge Howell's March 4, 2005, Findings, Conclusions and Order ["Defendant's Objections"], filed March 18, 2005; Exhibit E,** *supra*.

# III.  DISCUSSION

## A. Magistrate Judge's Authority in Relation to a Motion to Remand

Defendant argues that "a magistrate judge does not have the authority to render a final order remanding a case, and any decision by the magistrate judge attempting to do so should be treated as proposed findings and recommendations, which the reviewing district court must review 'de novo' under 28 U.S.C. § 636(b)(1)(B)."  **Defendant's Objections, at 3.**

The Fourth Circuit Court of Appeals has not addressed whether a magistrate judge may issue an order of remand or is limited to issuing a report and recommendation for review by the district court.  *See Jonas v. Unisun Ins. Co.*, **230 F.3d 1352 (table), 2000 WL 1350648 at \*1-2 (4th Cir. 2000) ("[T]his court has not addressed whether a magistrate judge may issue an order of remand . . . .").**  The rule in this District, as in many others, is that a magistrate judge may hear and decide a motion to remand, subject only to "clearly erroneous or contrary to law" review by a district court.  *Wyatt v. Walt Disney World Co.*, **1999 WL 33117255 (W.D.N.C. 1999);** *see also, Meier v. Premier Wine & Spirits, Inc.*, **371 F.Supp.2d 239, 241-42 (E.D.N.Y. 2005) (noting that "[m]ost district courts to have considered this issue have found**

**remand to be within a magistrate judge's authority under 28 U.S.C. 636(b)(1)(A)." (collecting cases)).** Defendant asks the Court to change the rule in this District, arguing, *inter alia*, that subsequent to the *Wyatt* decision, two circuit courts have held that a magistrate judge may not issue an order of remand. **See *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 996 (10th Cir. 2000) ("[A] magistrate judge may recommend a remand so long as the ultimate decision is made by the district court." (internal quotations omitted)); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509 (6th Cir. 2001) (same).** The *Vogel* and *First Union* cases relied upon by the Defendant are not controlling authority in this jurisdiction and do not persuade this Court to change the rule established by *Wyatt*.

There is a split of authority regarding a magistrate judge's ability to issue a remand order, with "[m]ost district courts to have considered this issue hav[ing] found remand to be within a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A) . . . [but with] every appellate court that has weighed the issue [having] determined a remand to be the functional equivalent of a dispositive order, and therefore beyond a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A)." ***Meier, supra,* at 242 (citing**

**cases on both sides of the debate);** *see also Johnson v. Wyeth*, **313 F.Supp.2d 1272, 1273 (N.D. Ala. 2004) (same).** The Third, Sixth, and Tenth Circuits reached their decisions *via* a three-step process. First, they determined that the list of matters beyond the power of a magistrate judge to decide in 28 U.S.C. § 636(b)(1)(A) is not an exhaustive list, but rather examples of "dispositive" matters (as that term is used in Federal Rule of Civil Procedure Rule 72) to which other matters can be added. **See Vogel, 258 F.3d at 516;** *First Union*, **229 F.3d at 995.** Second, that although Rule 72 speaks in terms of "dispositive of a claim or defense of any party," "dispositive" is not in fact limited to claims and defenses. **See First Union, 229 F.3d at 996;** *Vogel*, **258 F.3d at 517 (adopting the reasoning of *First Union*).** Finally, they compared a remand order with an involuntary dismissal for lack of subject matter jurisdiction and determined that since the effect of both was similar, and since involuntary dismissals are included in the § 636(b)(1)(A) list of matters a magistrate judge may not finally decide, remand orders should be as well. **See First Union, 229 F.3d at 996;** *Vogel*, **258 F.3d at 517.** As other courts have noted, there is trouble at each step of this process. **See Meier, supra; Johnson, supra.**

First, the language of § 636(b)(1)(A) is exceedingly clear that a magistrate judge may "hear and determine *any* pretrial matter pending before the court, *except*" a very specific list of eight matters.  **28 U.S.C. § 636(b)(1)(A) (emphasis added); *Aluminum Co. of Am., Badin Works v. United States Envtl. Prot. Agency*, 663 F.2d 499, 501 (4th Cir. 1981) ("[A] judge may have a magistrate decide any 'pretrial matter' *except certain specified motions*." (emphasis added)).**  Congress would be hard-pressed to use language more clearly indicating its intent to create an exhaustive list than "*any . . . except.*"  Additionally, if Congress had intended to include motions to remand on that list, "it could, should and would have . . . [yet,] [d]espite several amendments to the Federal Magistrate's Act over the years, Congress has not seen fit to insert such a limitation in magistrate judge authority.**" *Johnson*, 313 F.Supp.2d at 1273; *see also Aluminum Co. of Am., Badin Works,* 663 F.2d at 501 ("These exceptions [under § 636(b)(1)(A)] are motions which Congress considered to be 'dispositive.'").**

Second, resorting to Rule 72 as did the Sixth and Tenth Circuits, does not "defeat" the wording of § 636 unless the clear language of the Rule is ignored.  Rule 72 speaks in terms of motions being "dispositive *of a claim or*

*defense*." **Fed. R. Civ. P. 72 (emphasis added).** "Dispositive" means "bringing about a final determination." ***Black's Law Dictionary*, 484 (7th ed. 1999).** Therefore, the plain language of Rule 72 is concerned only with whether a matter brings about a final determination of a party's claims or defenses; and if a matter does not "'resolve the substantive claims for relief alleged in the pleadings,' . . . [it] is a nondispositive order." ***Batiste v. Catoe*, 27 Fed. Appx. 158, 159 (4th Cir. 2001) (quoting *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 734 F. Supp. 1071, 1080 (S.D.N.Y. 1990)); *see also*, Fed. R. Civ. P. 72; 28 C.F.R. § 52.01(a) ("Sections 636 (b) and (c) of Title 28 of the United States Code govern pre-trial and *case-dispositive* civil jurisdiction of magistrate judges . . ." (emphasis added)).** A motion to remand, like a motion related to venue,  is concerned only with which court will hear the claims and defenses, not with resolving the merits of those claims and defenses. ***See Meier*, 371 F.Supp.2d at 244 ("[A]n order of remand is comparable to an order transferring venue under 28 U.S.C. § 1404: both preclude a party from obtaining relief in its chosen forum, but both ensure that the litigation will continue.").** Therefore, as a remand order does not resolve or dispose of the case, "the judge need only determine if the

magistrate's order is 'clearly erroneous or contrary to law.'"[1]  **Aluminum Co. of Am., Badin Works**, 663 F.2d at 501 ("Because under § 636(b)(1)(A) the magistrate will not be disposing of the entire case, Congress provided that the [district court] judge need only determine if the magistrate's order is 'clearly erroneous or contrary to law.'").

Finally, the comparison between a remand order and an involuntary dismissal for lack of subject matter jurisdiction, a comparison first made in *In re U.S. Healthcare*, 159 F.3d 142 (3d Cir. 1998), is tenuous at best.  In the absence of three specific situations - one of which is lack of subject matter jurisdiction - an involuntary dismissal under Federal Rule of Civil Procedure Rule 41(b) *is* claim dispositive.  **Fed. R. Civ. P. 41(b) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . *operates as an adjudication upon the merits*." (emphasis added)).** Therefore, it is no surprise that involuntary dismissals were included in the § 636(b)(1)(A) list, alongside motions for summary judgment, motions under

---

[1]The Tenth Circuit argued that a remand order does dispose of a case in the sense that it "'banishes the entire case from the federal court.'" **First Union**, 229 F.3d at 996 (quoting *In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998)).  This is a strained view of what it means to be dispositive of a claim or defense.  With a remand order, the claim is still viable; it is simply being ordered to another court for disposition.

Rule 12(b)(6), and motions for judgment on the pleadings. **See 28 U.S.C. §**
**636(b)(1)(A).** The fact that Congress did not exclude the three exceptions to
the usual "adjudication upon the merits" of Rule 41(b) when creating the §
636(b)(1)(A) list is no basis to conclude that remand orders should likewise
be beyond the "hear and determine" power of a magistrate judge.

The "goal of the federal statute providing for the assignment of cases to
magistrates is to increase the overall efficiency of the federal judiciary."
*McCarthy v. Manson*, **554 F. Supp. 1275, 1285-86 (D. Conn. 1982)**
**(citations and internal quotations omitted).** In keeping with that goal, and
finding *Vogel* and *First Union* unpersuasive, this Court denies Defendant's
request to change the rule in this District that a magistrate judge may hear
and determine a motion to remand, subject only to "clearly erroneous or
contrary to law" review by a district court. **Wyatt, supra.** However, even
under the stricter *de novo* standard of review, the Court affirms the Magistrate
Judge's Order granting Plaintiff's motion to remand.

## B. Defendant's Substantive Objection

Defendant next argues that "[g]iven Magistrate Judge Howell's failure to address Bankers Trust's estoppel argument and the unequivocal statements in the January 7 Letter, the Magistrate's Order should be rejected." **Defendant's Objections, at 6.**

Defendant asserts that it made two separate arguments against remand, one based on estoppel and one based on waiver, and that the Magistrate Judge erred by not considering them separately. ***Id., at 4.*** This argument is undercut by the Defendant's own presentation of the issue in its brief in opposition to remand:

> A. Plaintiff Waived, and Should Be Estopped From Asserting, Its Objection that Bankers Trust's Notice of Removal was Untimely
>
> . . .
>
> To demonstrate that a plaintiff has waived, or is estopped from asserting, its objection to removal on timeliness grounds, "a defendant 'must show that it reasonably relied to its detriment on plaintiff's representations that it would not object to removal on timeliness grounds.'" *Thomas v. Baldwin*, 189 F. Supp. 2d 1, 2 (E.D.N.Y. 2002) (internal citations omitted). Such "representations 'must take the form of affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand.'" *Id.*

**Defendant's Memorandum in Opposition to Remand, at 11-12.** This is the only time in the entire memorandum that the standard for finding waiver or estoppel was discussed. Defendant asserts that whether a defendant was attempting to demonstrate that a plaintiff had waived its objection to removal or that a plaintiff should be estopped from asserting its objection, the same showing was required. Only now on review of the Magistrate Judge's Order does the Defendant proceed to argue that estoppel and waiver are separate issues requiring separate treatment.

Different courts have treated waiver and estoppel in different ways. *See, Thomas v.* **Baldwin, 189 F.Supp.2d 1 (E.D.N.Y. 2002) (treating waiver and estoppel the same in the context of removal and remand);** *Fellhauer v. City of Geneva***, 673 F. Supp. 1445 (N.D. Ill. 1987) (treating waiver and estoppel as different "defenses" to an objection to removal).** A better practice may be to treat the issues separately. ***See* 28 Am.Jur.2d** *Estoppel and Waiver,* **§ 36 (1966) (noting some of the differences between waiver and estoppel).** However, the Magistrate Judge construed Defendant's position exactly as outlined in its memorandum. ***See* Defendant's Memorandum in Opposition to Remand, at 12; Order, at 5 (citing the same "elements" of**

**affirmative conduct, reasonable reliance, and fundamental principles of fairness).**  It is disingenuous for Defendant to now argue that the Magistrate Judge's Order was "clearly erroneous"[2] because the Defendant's argument was addressed as presented.  **See Greenhow v. Sec'y of Health & Human Servs., 863 F.2d 633, 638 (9th Cir. 1988), overruled on other grounds, United States v. Hardesty, 977 F.2d 1347 (9th Cir. 1992) ("We do not believe that the Magistrates Act was intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.").**

Additionally, although the Magistrate Judge did not explicitly consider "estoppel" as a separate issue, he nevertheless addressed and rejected Defendant's "estoppel" argument.  "Estoppel" requires a showing of reasonable reliance by the Defendant.  **See Fellhauer, 673 F. Supp. at 1449; 28 Am.Jur.2d Estoppel and Waiver, § 36; Thomas, 189 F.Supp.2d at 2.** The Magistrate Judge expressly stated that "[i]t was 'per se unreasonable' for defendant to rely on such [Standstill] agreement to enlarge the period for

---

[2]Defendant argues that "[e]ven if this Court chooses to review the Magistrate's Order using the 'clearly erroneous' standard under 28 U.S.C. § 636(b)(1)(A), such order was clearly erroneous because it failed to address Bankers Trust's estoppel argument . . . ."  **Defendant's Objections, at 3 n.4.**

removal." **Order, at 7.** By finding a lack of reasonable reliance, the Magistrate Judge rejected Defendant's "estoppel" assertion, whether argued in conjunction with "waiver" or apart therefrom. Therefore, Defendant's objection that the Magistrate Judge erred by failing to address the "estoppel" argument is without merit.

Finally, Defendant argues the Magistrate Judge erred by not specifically addressing the January 7, 2004, letter, which Defendant argues is another basis for estopping Plaintiff from objecting to the removal of this case as untimely. **See, Exhibit E,** *supra.* Defendant states that it did not remove this action until after the 30-day deadline because it "reasonably relied on Wachovia's January 7, 2004 Letter stating that Wachovia was 'interested in pursuing a constructive dialogue as soon as possible,' and '[t]oward that end and in the interest of avoiding unnecessary litigation expense or a waste of time, Wachovia is prepared to enter into appropriate stipulations to extend, without prejudice to either party's respective rights or remedies, the parties' times to respond or appear in the New York and North Carolina Actions.'" **Defendant's Objections, at 5 (quoting January 7 Letter) (emphasis omitted).**

First and foremost, Defendant's ability to assert this argument at this stage is questionable on the same grounds as was Defendant's "estoppel" objection. From the opening paragraph of Defendant's argument on the issue of removal and remand in its brief, Defendant took the position that Plaintiff "waived, and should be estopped from asserting" that the removal was untimely because of the broad language "[i]n the Standstill Agreement." **Defendant's Memorandum in Opposition to Remand, at 11.** Defendant then proceeded to base its arguments almost exclusively on the Standstill Agreement.[3] Only now, having failed to persuade the Magistrate Judge and possibly having realized the untenable position of trying to argue reasonable reliance on a Standstill Agreement that was not signed until *after* the deadline for removal had passed, does the Defendant assert that it also relied independently on the January 7 Letter, and that Plaintiff should be estopped from objecting to removal based on that letter.

---

[3]The relevant portion of Defendant's Memorandum references the January 7 Letter only four times, and almost exclusively to explain why it took a certain view of the Standstill Agreement. ***See, e.g.*, Defendant's Memorandum in Opposition, at 12 ("Wachovia stated in its January 7 Letter that the purpose of the Standstill Agreement . . .").**

The January 7 Letter, like the Standstill Agreement, is neither a basis for estoppel nor waiver. First, the letter evidences no "intentional relinquishment" by Plaintiff of the right to object to an untimely removal and, therefore, no waiver of that right.[4] **See Fellhauer, 673 F. Supp. at 1448.** Second, assuming *arguendo* that Defendant did rely independently on the January 7 Letter in delaying removal until after the deadline had passed, such reliance was *per se* unreasonable and, therefore, cannot be the basis for "estoppel." Defendant couches its argument in terms of being "misled by Wachovia [in the January 7 Letter] to believe that it could treat the action as if it had never begun." **Defendant's Objections, at 5.** Defendant argues that it believed Plaintiff, through the January 7 Letter, was amenable to extending the time for certain actions in this case; however, this argument amounts to nothing more than a disguised attempt to avoid the rule prohibiting parties from enlarging the deadline for removal by consent. **See Harris Corp. v. Kollsman, Inc., 97 F.Supp.2d 1148, 1151 (M.D. Fla. 2000) ("[S]ection 1446(b)'s mandatory**

---

[4]Additionally, because the Plaintiff does not make a waiver argument based on the January 7 Letter in its Objections, it has waived such argument. ***See, e.g., Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315-16 (4th Cir. 2005).**

**removal period cannot be enlarged by court order, stipulation of the parties,**

**or otherwise.").**

> [A]greements between parties cannot extend § 1446(b)'s 30 day time limitation, [and] we are convinced that reliance upon such agreements for estoppel purposes will be unreasonable except in certain circumstances, such as those present in *Staples v. Joseph Morton, Inc.,* [444 F. Supp. 1312 (E.D.N.Y. 1978] . . . To resort to a theory of estoppel predicated upon an agreement to extend time . . . would completely eliminate the principle that § 1446(b)'s time period cannot be lengthened by stipulation.

*Nicola Products Corp. v. Showart Kitchens, Inc.*, **682 F. Supp. 171, 173-74**

**(E.D.N.Y. 1988).**

Defendant attempts to avoid this rule by likening this case to *Staples.* In

*Staples*, the plaintiff knew that a certain defendant was contemplating

removing the case to federal court.  Prior to expiration of the removal

deadline, the plaintiff informed the defendant that he was being dismissed

from the case.  Believing the case was effectively over, the defendant did not

file a notice of removal.  The plaintiff subsequently decided not to dismiss the

defendant, but did not so advise him until the deadline for removal had

lapsed.  The court determined that based on these facts, it would be

inequitable to allow plaintiff to object to the removal of the case as being

untimely.  **See Staples, supra.**  In this case, however, Defendant simply

claims to have relied on what amounts to an agreement between the parties to extend the deadline for removal or the taking of any other action. Allowing this argument to succeed "would completely eliminate the principle that § 1446(b)'s time period cannot be lengthened by stipulation." ***Nicola Prods. Corp.***, ***supra.*** The January 7 Letter is no basis for estopping the Plaintiff from objecting to Defendant's untimely removal, and Defendant's objection on the issue is without merit.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Remand on an Emergency Basis is **GRANTED,** and the Defendant's Cross-Motion to Transfer Venue is **DENIED** as moot.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C.§ 1447(c), this action is hereby **REMANDED** to the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, for disposition.

**Signed: November 8, 2005**

Lacy H. Thornburg
United States District Judge